```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 ANDREW GEOGHAN,

                    Plaintiff,              MEMORANDUM & ORDER
                                              20-CV-2840(EK)

        -against-

 COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

        Plaintiff Andrew Geoghan challenges the Social Security Administration's denial of his claims for disability insurance benefits. Before the Court are the parties' cross-motions for judgment on the pleadings. For the following reasons, I grant Plaintiff's motion and remand this case for further development of the administrative record in light of the issues identified below. I deny the Commissioner's cross-motion.

        **I.   Background**

        Plaintiff previously worked as a truck driver. Administrative Transcript ("Tr.") 14, ECF No. 9. He was involved in a work accident in which cement powder blew into his eyes, damaging his corneas and causing a host of residual issues including impaired vision (75 / 60), problems with depth perception, headaches, dizziness, and balance problems. He also

alleges that he is legally deaf and has asthma and high blood pressure.

Plaintiff applied for disability benefits on July 31, 2017, alleging a disability onset date of April 1, 2017. The agency initially denied his claim. Plaintiff appeared before an administrative law judge ("ALJ") in 2019; the ALJ concluded that Plaintiff was not disabled and therefore not entitled to disability insurance benefits or supplemental security income. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, rendering it final. This appeal followed.

**A. The ALJ's Disability Evaluation**

Under the Social Security Act, "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration's regulations require ALJs to follow a five-step sequence in evaluating disability claims.

First, the ALJ determines whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). If not, the ALJ evaluates (at step two) whether the claimant has a "severe impairment" — that is, an impairment or combination of impairments that "significantly limits" the

2

claimant's "physical or mental ability to do basic work activities." *Id.* § 404.1520(c). If the ALJ identifies a severe impairment, he must determine if it meets or equals one of the impairments listed in Appendix 1 of the regulations (the "Listed Impairments"). *Id.* § 404.1520(d); 20 C.F.R. Part 404, Subpart P, Appendix 1. If it does, the ALJ will deem the applicant disabled. 20 C.F.R. § 404.1520(a)(4)(iii).

Here, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of his disability, and that Plaintiff had one severe impairment: bilateral vision loss. Tr. 12. The ALJ determined, however, that this impairment did not rise to the level of a "Listed Impairment." *Id.* at 13.

At step four, the ALJ must determine a claimant's residual functional capacity ("RFC"), which is the most a claimant can do in a work setting notwithstanding his limitations. 20 C.F.R. § 404.1545(a)(1). The ALJ concluded here that Plaintiff had the residual capacity to perform a full range of work at all exertional levels, but with the following "nonexertional limitations": Plaintiff would be limited to work that requires no fine visual acuity or use of a computer, and Plaintiff could occasionally drive. Tr. 13.

The ALJ then considered whether, in light of the RFC determination, the Plaintiff could perform "past relevant work."

3

20 C.F.R. § 404.1520(f).  He found that Plaintiff could not perform his past work as tractor-trailer driver.  Once a claimant shows that he is unable to perform his past work, the burden shifts to the Commissioner to at step five.  *Heagney-O'Hara v. Comm'r of Soc. Sec.*, 646 F. App'x 123, 127 (2d Cir. 2016).  At step five, the ALJ evaluated whether Plaintiff could perform jobs existing in significant numbers in the national economy.  20 C.F.R. § 404.1520(g).  He determined that Plaintiff could perform such jobs, including as a "hand packager," a "bus person," and a dishwasher.  Tr. 17.  Given that conclusion, the ALJ held that Plaintiff was not disabled.  The Appeals Council denied Plaintiff's request for review.

## II.  Standard of Review

A district court has jurisdiction to review the final judgment of the Commissioner denying an application for Social Security disability benefits.  42 U.S.C. § 405(g).  The review is limited to two questions: whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards.  *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (internal quotations omitted).  "[I]f supported by

4

substantial evidence," the Commissioner's factual findings "shall be conclusive."  42 U.S.C. § 405(g).

### III. Discussion

Plaintiff argues that the ALJ failed to adequately develop the record underpinning his RFC determination.  As a result, Plaintiff contends, the ALJ's RFC determination was predicated on an improper lay assessment of the evidence.  I agree with this contention: given the absence of any reliable evidence concerning the extent of Plaintiff's functional limitations, the ALJ had insufficient evidence from which to assess Plaintiff's RFC.

An "ALJ, unlike a judge in a trial, must on behalf of all claimants . . . affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding."  *Moran*, 569 F.3d at 112.  "Whether the ALJ has met his duty to develop the record is a threshold question."  *Hooper v. Colvin*, 199 F. Supp. 3d 796, 806 (S.D.N.Y. 2016).  This duty "includes ensuring that the record as a whole is complete and detailed enough to allow the ALJ to determine the claimant's RFC."  *Sigmen v. Colvin*, No. 13-CV-0268, 2015 WL 251768, at *11 (E.D.N.Y. Jan. 20, 2015).

Courts in this Circuit have held that "in the absence of any RFC assessments from treating or examining physicians, an ALJ has an affirmative duty to develop the record by obtaining

5

such assessments." *Staggers v. Colvin*, No. 14-CV-717, 2015 WL 4751123, at *3 (D. Conn. Aug. 11, 2015) (collecting cases). Nevertheless, "remand is not always required" when an ALJ declines to call for such evidence; instead, it is enough if the record otherwise contains "sufficient evidence from which an ALJ can assess the petitioner's residual functional capacity." *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 33-34 (2d Cir. 2013). ALJs' decisions will generally be upheld "where the record is clear and, typically, where there is *some* useful assessment of the claimant's limitations from a medical source." *Staggers*, 2015 WL 4751123, at *3. For example, in *Tankisi*, the record contained multiple functional assessments from consultative examiners and treating physicians, albeit no "formal opinions." 521 F. App'x at 33-34.

The same does not hold true here. No treating physician testified; the ALJ heard from only an impartial medical expert, Dr. Goldstein, and an impartial vocational expert, Dr. Pasternak. Dr. Goldstein's testimony was brief (covering little more than one page of the hearing transcript). He did not indicate what he focused on in his review of the medical record. Tr. 34. The only specific observation he made concerning Plaintiff's residual functional capacity was that he

6

didn't believe that Plaintiff "ought to be driving period."  *Id.*[1]
The ALJ concluded his brief colloquy with Dr. Goldstein by saying "Doctor, I'm going to call you back," *id.* at 35; but the record reveals no indication that he did so.

      The testimony of the vocational expert is similarly unrevealing.  The ALJ supplied him with assumptions regarding Plaintiff's abilities and asked about Plaintiff's ability to perform in available jobs.  The assumptions the ALJ provided did not track Dr. Goldstein's testimony with precision,[2] and Dr. Pasternak made no independent assessment of Plaintiff's RFC.[3]

      Given the near-total absence of medical evidence supporting the ALJ's RFC finding, remand is appropriate.  *See Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996) ("Remand is particularly appropriate where, as here, we are unable to fathom the ALJ's rationale in relation to the evidence in the record

---

[1] Asked whether there were "any other limitations you see in your review of the file," Dr. Goldstein answered, "Not that I noted."  *Id.* at 35.

[2] For example, Dr. Goldstein testified that Plaintiff should not drive, "period."  *Id.* at 34.  The ALJ informed Dr. Pasternak, however, that Plaintiff was "restricted, actually, from being able to drive on a full-time basis.  Maybe once in a while or occasionally.  Well I guess our policy, our terminology that would be 1/3 of the day, no more than occasionally, probably not even that much . . . ."  *Id.* at 36; *see also id.* (ALJ says Plaintiff "would be precluded from driving anymore than occasionally, probably even less than that").

[3] In a single paragraph concerning the Plaintiff's ability to perform his past work, the ALJ's opinion refers to two doctors:  Dr. Pasternak and Dr. Vandergoot.  *Id.* at 16.  The Vandergoot reference appears to be a misstatement, however, as the hearing transcript contains no testimony by a doctor with that name.

7

without further findings or clearer explanation for the decision."); *Moreau v. Berryhill*, No. 17-CV-0396, 2018 WL 1316197, at *12 (D. Conn. Mar. 14, 2018) ("[T]he record before the ALJ here was not complete because there was no treating source opinion on RFC, formal or informal, there was no examining source opinion on Moreau's physical limitations, and the ALJ discounted all of the medical opinions in the record to some degree."); *Pettaway v. Colvin,* No. 12-CV-2914, 2014 WL 2526617, at *5 (E.D.N.Y. June 4, 2014).

### IV.  Conclusion

For the reasons set forth above, the Court grants the Plaintiff's motion for judgment on the pleadings and denies the Commissioner's cross-motion.  The matter is remanded for further proceedings consistent with this order.  On remand, the ALJ should further develop the medical evidence regarding Plaintiff's RFC as discussed in this order.  That evidence may

come from Plaintiff's treating physicians, a consultative examiner, or other appropriate medical sources.

SO ORDERED.

       /s/ Eric Komitee      
ERIC KOMITEE
United States District Judge

Dated:    January 12, 2022
            Brooklyn, New York